Opinion filed November 10, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed November 10, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00144-CR 

 

                                                    __________

 

                                   KAVAN LEE CHERRY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR28992

 



 

                                                                   O
P I N I O N

 

The jury convicted Kavan Lee Cherry of two counts
of burglary of a habitation.  In the
first count, a first degree felony, the jury made an affirmative deadly weapon
finding and assessed appellant=s
punishment at confinement for eight years. 
In the second count, a second degree felony, the jury assessed
punishment at confinement for six years. 
We affirm.  








Appellant presents three points of error on
appeal.  In his first and second points,
appellant challenges the sufficiency of the evidence.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App. 2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State,
144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
The jury as the trier of fact is the sole judge of the credibility of
the witnesses and of the weight to be given to their testimony.  TEX. CODE CRIM. PRO. ANN. arts. 38.04 &
36.13 (Vernon 1979 & 1981).  

The record in this case shows that appellant was
charged and convicted in Count I with intentionally or knowingly entering a
habitation without the consent of Ricky Martinez and therein attempting to
commit or committing aggravated assault with a deadly weapon.  In Count II, appellant was convicted of
entering a habitation without the consent of Julie Cherry and therein
attempting to commit or committing assault. 
The statutory elements of burglary of a habitation are found in TEX.
PEN. CODE ANN. ' 30.02
(Vernon 2003).  Section 30.02(a) provides
that the offense of burglary is committed when, without the effective consent
of the owner, a person:

(1) enters a habitation, or a building (or any
portion of a building) not then open to the public, with intent to commit a
felony, theft, or an assault; or

 

(2) remains concealed, with intent to commit a
felony, theft, or an assault, in a building or habitation; or

 

(3) enters a building or
habitation and commits or attempts to commit a felony, theft, or an assault.  (Emphasis added)

Appellant was indicted and convicted pursuant to Section
30.02(a)(3).  








The record shows that appellant went to his
estranged wife=s house
to get her to endorse an insurance check for a claim on his pickup.  When appellant arrived at the house, the door
was unlocked.  Appellant opened it and
walked inside.  Appellant=s wife, Julie Cherry, met him near the
door.  Appellant handed her the check to
endorse.  Julie took the check but
refused to sign it or give it back to him until she found out more about the
claim.  Appellant became angry and lunged
for the check ultimately pushing Julie over the back of a chair.  Julie=s
friend, Ricky Martinez, intervened and told appellant to leave Julie
alone.  According to Julie and Martinez,
appellant then went toward Martinez as Julie held onto his shirt.  Appellant shoved Julie into a rolling kitchen
island, grabbed three knives, and waved them around in Martinez=s direction.  Martinez then called his pit bulldog into the
house apparently convincing appellant to leave the premises.

The record shows that appellant and Julie had
separated not long before the incident and that appellant was no longer staying
at the house.  Julie testified that the
house belonged to her because, although monthly mortgage payments were made
during the marriage, she had purchased the house while she was single.  Although appellant still came over regularly
to visit his daughter and stepdaughter and to occasionally do other things
around the house, Julie testified that appellant did not have her consent or
permission to enter the house the day of the incident.  Julie testified that she had changed the
locks and that she had made it clear to appellant that he was not welcome to
just walk into her house whenever he wanted.

Appellant testified that he called first and then
went to the house to get Julie=s
signature on the insurance check. 
Appellant opened the door and walked inside.  Julie met him just inside the doorway.  She took the check and proceeded to argue
with appellant.  Julie was mad at
appellant for calling his stepdaughter=s
father.  Appellant grabbed the check, and
Julie jumped on him.  Martinez got his
dog.  Then, appellant grabbed some knives
out of the kitchen drawer to protect himself from Martinez=s dog. 
Appellant threatened to kill the dog. 
Appellant denied pinning Julie over the chair and said that nobody told
him to leave the house.  Appellant also
stated that he still had personal belongings in the house and that he thought
he had consent to enter the house, which was still his home address even though
he was not staying there at the time.








The jury, as the trier of fact, was free to
resolve the conflicts in the testimony, to believe Julie and Martinez, and to
disbelieve all or part of appellant=s
testimony.  Consequently, we hold that
the evidence is both legally and factually sufficient to prove that appellant
entered the residence without the effective consent of Julie or Martinez and
that, while in the house, he committed or attempted to commit an assault
against Julie and an aggravated assault against Martinez.  Appellant specifically argues that the State
failed to prove that he had the intent to commit the assaults when he entered the
house.  Under Section 30.02(a)(3), no
such intent is required at the time of entry. 
Therefore, appellant was not required to have the intent to commit the
assaults at the time that he entered the residence.  Appellant=s
first and second points of error are overruled. 


In his third point of error, appellant contends
that the trial court abused its discretion in denying appellant=s motion for new trial.  We must review the denial of a motion for new
trial under an Aabuse of
discretion@ standard
of review to determine whether the trial court=s
decision was arbitrary or unreasonable.  Charles
v. State, 146 S.W.3d 204, 208 (Tex.Cr.App.2004); Lewis v. State, 911
S.W.2d 1, 7 (Tex.Cr.App.1995).  We must
view the evidence in the light most favorable to the trial court=s ruling, and we may not substitute our
judgment for that of the trial court.  Charles
v. State, supra; Lewis v. State, supra.  Thus, a trial court abuses its discretion in
denying a motion for new trial only when no reasonable view of the record could
support the trial court=s
ruling.  Charles v. State, supra.  

The record shows that appellant moved for a new
trial based upon documents provided by Julie, who apparently decided to recant
some of her testimony at trial after she decided that appellant did not Adeserve[] prison for less than 8
minutes of time in which no one is positive of the events that occurred.@ 
In a document attached to the motion for new trial, Julie stated that
the front door may have been open when appellant entered, that appellant did
not cause her any pain, that she fell over the back of the chair, and that
appellant was Adefinitely
welcome at our home anytime.@  In an affidavit, Julie swore that appellant Aabsolutely did have consent@ to enter the house on the day in
question.








Julie testified at the hearing on the motion for
new trial and again contradicted herself. 
In contrast to the written document and affidavit, Julie testified at
the hearing that appellant did not have a right to just walk into her house
like he did.

We hold that the trial court did not abuse its
discretion in denying the motion for new trial. 
See Keeter v. State, 74 S.W.3d 31, 37-39 (Tex.Cr.App.2002).  Appellant=s
third point of error is overruled.  

The judgments of the trial court are
affirmed.  

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

November 10, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and 

McCall, J., and McCloud, S.J.[1]












[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.